UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAE PRODUCTIONS, INC.<br>5505 Connecticut Avenue, N.W.<br>Suite 341<br>Washington, D.C.  20015-2601<br><br>     Plaintiff<br><br>     v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION<br>Washington, D.C. 20535<br><br>     Defendant | * * * * * * * * * * * * * * * * | Civil Action No. 07- _____ |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

   This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for the disclosure of agency records improperly withheld from plaintiff SAE Productions, which was acting through journalist Steven Emerson, by defendant Federal Bureau of Investigation.

## JURISDICTION

   1.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

   2.  Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

   3.  Plaintiff SAE Productions, Inc. ("SAE") is a production and research news organization that produces documentaries and articles on matters relating to international terrorism and which maintains an office in the District of Columbia. Its' president Steven Emerson ("Emerson") is a recognized expert on terrorism. Emerson frequently publishes

articles in, among others, the *New Republic* and *Wall Street Journal* and produces television documentaries such as the 1994 production *Jihad in America*, which was broadcast on public television and focused on the United States fundraising activities of Middle Eastern terrorist groups. The FOIA requests at issue were submitted by Emerson on behalf of SAE. Emerson and SAE have both previously been recognized as "representatives of the news media" for FOIA fee category purposes.

4. Defendant Federal Bureau of Investigation ("FBI") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by Emerson which are the subject of this action.

## COUNT ONE

5. By letter dated January 2, 2007, Emerson submitted to the FBI's Field Office in Cleveland, Ohio ("Cleveland Office") a FOIA request which sought all records pertaining to the Council on American Islamic Relations' ("CAIR") training program for FBI officials. Emerson enclosed with the request a copy of a news article describing the program's implementation in Cleveland. Emerson noted his request should be processed under the category "representative of the news media."

6. By letter dated January 8, 2007, the FBI's Cleveland Office acknowledged receipt of Emerson's request and informed him that the request was being forwarded to FBI Headquarters in Washington, D.C. ("FBI HQ") to be processed.

7. By letter dated January 16, 2007, FBI HQ acknowledged receipt of Emerson's request. The request was assigned Request No. 1067168-000.

8. By letter dated January 24, 2007, FBI HQ informed Emerson that no records responsive to Emerson's request could be found. The letter stated that Emerson could file an administrative appeal within sixty days.

9. By letter dated March 5, 2007, Emerson informed FBI HQ of his decision to appeal the denial of his request.

10. By letter dated March 28, 2007, FBI HQ acknowledged receipt of Emerson's decision to appeal the denial of his request.

11. As twenty working days have elapsed without a determination by the FBI concerning Emerson's appeal, he has therefore constructively exhausted all required administrative remedies.

12. Emerson has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by the FBI of said right.

## COUNT TWO

13. By letter dated January 4, 2007, Emerson submitted to FBI HQ a FOIA request which sought all records pertaining to the "*Partnership for Prevention and Community Safety Initiative* ("PfP")." Emerson noted his request should be processed under the category "representative of the news media."

14. By letter dated February 9, 2007, FBI HQ informed Emerson that no records responsive to Emerson's request were found. The letter stated that Emerson could file an administrative appeal within sixty days. The request was assigned Request No. 1068705-000.

15. By letter dated March 5, 2007, Emerson informed FBI HQ of his decision to appeal the denial of his request. Emerson enclosed letters from FBI Special Agents in Charge Kenneth Kaiser and Michael Rolince to individuals involved with PfP as proof that records do exist.

16. By letter dated March 28, 2007, FBI HQ acknowledged receipt of Emerson's decision to appeal the denial of his request.

17. As twenty working days have elapsed without a determination by the FBI concerning Emerson's appeal, he has therefore constructively exhausted all required administrative remedies.

18. Emerson has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by the FBI of said right.

## COUNT THREE

19. By letters dated March 5, 2007, Emerson submitted to the FBI's Field Offices in Boston, Massachusetts ("Boston Office") and Los Angeles, California ("LA Office") individual FOIA requests which sought all records pertaining to the PfP. Emerson noted that both requests should be processed under the category "representative of the news media."

20. By letter dated March 26, 2007, FBI HQ informed Emerson that no records responsive to Emerson's requests to the Boston Office and LA Office were found. The letter stated that Emerson could file an administrative appeal within sixty days. The requests were assigned Request No. 1073074- 000.

21. By letter dated March 30, 2007, Emerson informed FBI HQ of his decision to appeal the denial of his requests.

22. As twenty working days have elapsed without a determination by the FBI concerning Emerson's appeal, he has therefore constructively exhausted all required administrative remedies.

23. Emerson has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by the FBI of said right.

## COUNT FIVE

24. By letter dated March 5, 2007, Emerson submitted to the FBI Field Office in Detroit, Michigan ("Detroit Office") a FOIA request which sought all records pertaining to the PfP. Emerson noted his request should be processed under the category "representative of the news media."

25. By letter dated March 15, 2007, FBI HQ informed Emerson that no records responsive to Emerson's request to the Detroit Office were found. The letter stated that Emerson could file an administrative appeal within sixty days. The request was assigned Request No. 1072819-000.

26. By letter dated March 22, 2007, Emerson informed FBI HQ of his decision to appeal the denial of his request.

27. As twenty working days will have elapsed prior to the FBI's response to this Complaint either without a determination by the FBI or the issuance of an unfavorable response concerning Emerson's appeal, he will have constructively exhausted all required administrative remedies.

28. Emerson has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by the FBI of said right.

## COUNT SIX

29. By letter dated March 5, 2007, Emerson submitted to the FBI's Field Office in San Diego, California ("San Diego Office") a FOIA request which sought all records pertaining to the PfP. Emerson noted his request should be processed under the category "representative of the news media."

30. By letter dated April 27, 2007, FBI HQ informed Emerson that no records responsive to Emerson's request to the San Diego Office were found. The letter stated that Emerson could file an administrative appeal within sixty days. The request was assigned Request No. 1076466-000.

31. By letter dated May 1, 2007, Emerson informed FBI HQ of his decision to appeal the denial of his request.

32. As twenty working days will have elapsed prior to the FBI's response to this Complaint either without a determination by the FBI or the issuance of an unfavorable response concerning Emerson's request, he will have constructively exhausted all required administrative remedies.

33. Emerson has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by the FBI of said right.

## COUNT SEVEN

34. By letter dated January 9, 2007, Emerson submitted to FBI HQ a FOIA request which sought all records pertaining to a town hall meeting in Springfield, Illinois on December 9, 2006 with Muslim community leaders and officials from the FBI and the Office of the U.S. Attorney. Emerson enclosed a copy of the FBI news release related to the event. Emerson noted his request should be processed under the category "representative of the news media."

35. By letter dated January 22, 2007, FBI HQ acknowledged receipt of Emerson's request. The request was assigned Request No. 1067518-000.

36. By letter dated January 25, 2007, FBI HQ informed Emerson that no records responsive to Emerson's request were found. The letter stated that Emerson could file an administrative appeal within sixty days.

37. By letter dated March 5, 2007, Emerson informed FBI HQ of his decision to appeal the denial of his request.

38. By letter dated March 28, 2007, FBI HQ acknowledged receipt of Emerson's decision to appeal the denial of his request.

39. As twenty working days have elapsed without a determination by the FBI concerning Emerson's appeal, he has therefore constructively exhausted all required administrative remedies.

40. Emerson has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by the FBI of said right.

## COUNT EIGHT

41. By letter dated March 5, 2007, Emerson submitted to the FBI's Field Office in Springfield, Illinois ("Springfield Office") a FOIA request which sought all records pertaining to a town hall meeting in Springfield, Illinois on December 9, 2006 with Muslim community leaders and officials from the FBI and the Office of the U.S. Attorney. Emerson enclosed a copy of the FBI news release related to the event. Emerson

noted his request should be processed under the category "representative of the news media."

42. By letter dated March 20, 2007, the Springfield Office acknowledged receipt of Emerson's request and informed Emerson that the request was being forwarded to FBI HQ. No request number was assigned.

43. As twenty working days have elapsed without a determination by the FBI concerning Emerson's request, he has therefore constructively exhausted all required administrative remedies.

44. Emerson has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by the FBI of said right.

WHEREFORE, plaintiff SAE Productions, Inc., represented through Steven Emerson, prays that this Court:

(1) Orders the Federal Bureau of Investigation to disclose the requested records in their entireties and make copies promptly available to him;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   May 9, 2007

                              Respectfully submitted,

                              _____
                              Mark S. Zaid, Esq.
                              D.C. Bar #440532
                              1920 N Street, N.W., Suite 300
                              Washington, D.C.  20036
                              (202) 454-2809
                              ZaidMS@aol.com

                              Attorney for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
SAE Productions, Inc.

## DEFENDANTS
Federal Bureau of Investigation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Washington, D.C.  1100 1
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Mark S. Zaid, Esq.
1920 N Street, N.W., Suite 300
Washington, DC 20036
(202) 498-0011

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-00866
Assigned To : Robertson, James
Assign. Date : 5/9/2007
Description: FOIA/Privacy

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ⊙ I. *FOIA/PRIVACY ACT*<br><br>☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Action under 5 U.S.C. § 552 to compel disclosure of records improperly withheld from Plaintiff by Defendant.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐  NO ☒  If yes, please complete related case form.

DATE 5/9/2007    SIGNATURE OF ATTORNEY OF RECORD  /s/ Mark A. Zaid

JTC

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.